IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TODD L. BOWERS, INC., on behalf of itself and all others similarly situated,<br><br>           Plaintiffs,<br><br>      v.<br><br>RBS CITIZENS FINANCIAL GROUP, INC., RBS CITIZENS, N.A., and CITIZENS BANK OF PENNSYLVANIA,<br><br>           Defendants. | No. 12 C 3436 |

MEMORANDUM ORDER

On May 11 this Court issued a short memorandum order ("Order") that addressed two problematic aspects of the putative Class Action Complaint brought by Todd Bowers, Inc., ("Bowers") against three corporate defendants referred to collectively as "Citizens Bank", in which Complaint Bowers has sought to invoke federal subject matter jurisdiction under CAFA. As if by return mail, on the very next day Bowers' counsel filed an Amendment to Class Action Complaint – but in this case haste has indeed made waste.

As to the first question posed by the Order, Bowers' Amendment does provide the necessary information. Complaint ¶¶ 4 and 5 have been amended to furnish the required input as to the states of citizenship of two of the corporate defendants, so that the diversity required by CAFA has been shown to exist.

But Complaint ¶ 7 is woefully deficient in its failure to respond to the second flaw, identified in this way in the Order:

> 2.   Bowers is also silent as to the required objective good faith belief (see Fed. R. Civ. P. 11(b)) for the allegation in Complaint ¶ 7 that the amount in controversy exceeds $5 million, as is required to bring this action within CAFA.

All that Bowers has come up with on that score is a totally unsupported ipse dixit that does not begin to provide a predicate for the Complaint's earlier unsupported conclusion that more than $5 million is in controversy.

After all, the entire premise of Bowers' claim is that Citizens Bank's customers may make mistakes in addition when they deposit funds. Bowers may well have done so on one or more occasions (though even that is not particularized), and other depositors may have done so as well – but just as "it takes a heap o'livin to make a home," it would take far more than a heap of such presumed mistakes to reach the required multi-million dollar total.

Bowers' counsel attempts to paper over that omission by stating that "assertions of fact which are contained within paragraphs of this Complaint are made upon information and belief" – but he provides neither "information" nor any showing of objective good faith "belief", as the Order called for in accordance with Fed. R. Civ. P. 11(b). This is a classic instance of the Complaint's failure to satisfy the degree of "plausibility" demanded by the Twombley-Iqbal canon. This action is dismissed without prejudice.

                                                 _____
                                                 Milton I. Shadur
                                                 Senior United States District Judge

Date: May 30, 2012